DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/6/2023 4:44 PM
JAMIE SMITH
DISTRICT CLERK
23DCCV1501

NO. 23DCCV1501

| | | |
|---|---|---|
| EDWIN M. NNOROM | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| V. | § | 60ᵗʰ JUDICIAL DISTRICT |
| | § | |
| THOMAS CLIFFORD WHITE, JANIE SEXTON, RLI INSURANCE COMPANY, AND ALLSTATE PROPERTY AND CASULTY INSURANCE COMPANY | § | |
| | § | JEFFERSON COUNTY, TEXAS |
| Defendants | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S PETITION FOR DAMAGES

Plaintiff, Edwin M. Nnorom, files this Petition for Damages against Thomas Clifford White, Janie Sexton, RLI Insurance Company, and Allstate Property and Casualty Insurance Company.

### A. Discovery Control Plan

Discovery shall be according to a "Level Three" discovery control plan.

### B. Parties

Plaintiffs Edwin M. Nnorom is an individual represented by the undersigned counsel and is a resident of Jackson County of Beaumont, Texas.

Defendant Thomas Clifford White is a truck driver for the business called Janie Sexton. White lives at 209 State Hwy.1 Grayson, Kentucky 41143. Please serve him there. Defendant Janie Sexton is a transportation service located at 205 E. 3ʳᵈ Street, Grayson, Kentucky 41143. Please serve her there.

1

Defendant RLI Insurance Company insures the service vehicle driven on behalf of Janie Sexton and driven by Thomas Cliffor White. RLI is a specialty property and casualty insurance company and surety bond company. The safeguard assets by partnering with its clients to navigate the world of insurance and risk. RLI does business in the state of Texas and has an office in Dallas Texas, although its corporate office is located at 9025 N. Lindbergh Drive Peoria, Illinois 61615. Defendant Allstate Insurance Company is the uninsured and underinsured motorist coverage provider for the Plaintiff. Its headquarters is located at 2775 Sanders Road. North Plaza. Northbrook, IL 60062-6127. They may be served through the Secretary of State. It does not maintain an attorney for service with the Texas Department of Insurance. Therefore, it may be served by serving a copy of the process with its registered principal office 2775 Sanders Road. North Plaza. Northbrook, IL 60062-6127 TEX. INS CODE 804.101 (b)(2)

## C. Venue and Jurisdiction

Defendants Thomas Clifford White, Janie Sexton and RLI Insurance are all residents of Illinois. However, the cause of action arose Beaumont Texas therefore venue is proper in Texas. Additionally, Defendant RLI Insurance Company has a registered office in Dallas Texas and writes policies in this state. Additionally, RLI Insurance is a foreign resident who does business in Texas and use its roadways thus maintaining sufficient minimum contacts with Texas, and this suit arises out of those contacts.

Venue is proper in Jackson County, Texas because all or substantial portions of the events that make the basis of this claim occurred in Jackson County. Specifically, it is the location of the collision.

The amount in controversy is within jurisdictional limits of this Court. Plaintiff seeks over $50,000,000 in damages.

2

## D. Plaintiffs' Causes of Action

Plaintiffs bring this cause of action under the following facts:

This lawsuit arises out of a serious 18 Wheeler collision with the Plaintiff's 2010 Silver Nissan Altima that occurred on October 6, 2021. On October 6, 2021, Defendant Thomas Clifford White's negligent disregard of his duty to Plaintiff caused a double collision of the Plaintiff's car. First a rear-end collision and then on a second the Defendant collided into the side of the Plaintiff after he was thrown into a guard rail, which resulted in serious personal injuries while traveling Westbound, in the middle lane of Interstate 10. Plaintiff, Edwin Nnorom was struck by an 18-wheeler on his rear driver's side when the driver of the Red Peterbilt truck, who was also traveling Westbound, veered from the left lane into our client's lane of travel, propelling our client into the concrete guardrail, where the 18-wheeler struck him again.

The acts or omissions of Defendant Thomas Clifford White on October 23, 2021, all of which were negligent, also violated numerous provisions of the Texas Transportation Code and all of which were, singularly or in combination, a proximate cause of the collision and injuries to Plaintiff.

Further, Janie Sexton, the owner of the 18 Wheeler failed to properly train, monitor and/or audit her driver, Defendant Thomas Clifford White. Janie Sexton is also responsible under the doctrine of *respondent superior* as Defendant Thomas Clifford White was driving the18 Wheeler Truck during the course and scope of his employment.

The conduct of all Defendants also constitutes *negligence per se*.

3

## E. Causation

These acts and/or omissions by the Defendants, singularly or in any combination, were a proximate cause of the wreck and the damage suffered by Plaintiff.

## F. Negligence and/or Negligence Per Se of Defendant Thomas Clifford White

On October 6, 2021, Defendant Thomas Clifford White was guilty of one or more of the following acts of negligence and/or negligence *per se*, among others, which proximately caused the collision in question and the injuries and damages sustained by the Plaintiff.  Defendant Thomas Clifford White owed a duty to other motorists, including Plaintiff, to operate his vehicle in a reasonable and prudent manner and he failed to do so.  His negligent acts and/or omissions include, but are not limited to, the following:

(a)     Failing to know and/or observe Defendant Janie Sexton safety policies and procedures;

(b)     Failing to take proper evasive action;

(c)     Failing to know and/or observe Defendant Janie Sexton company's policies and procedures;

(d)     Failing to maintain a proper following distance, TEX. TRANSP. CODE § 545.062;

(e)     Failing to control his speed, TEX. TRANSP. CODE § 545.351;

(f)     Failing to obtain or have the necessary knowledge, training and experience to safely operate his vehicle;

(g)     Failing to maintain a proper lookout;

(h)     Operating his vehicle at a speed in excess of the posted limit; TEX. TRANSP. CODE § 545.206;

(i)     Failing to properly apply his brakes as a person using ordinary care would have done in violation of § 545.351 of the Texas Transportation Code;

4

(j)     Failing to maintain proper control of his vehicle as a person using ordinary care would have done under the same or similar circumstances;

(k)     Failing to maintain a knowledge and understanding of state motor carrier safety regulations pertaining to procedures for safe vehicle operations;

(l)     Failing to have the required knowledge of vehicle operation.

(m)     Failing to have required skills in vehicle operation in violation;

(n)     Failing to have knowledge and compliance with the regulations.

(o)     Failing to operate his vehicle and equipment in violation;

(p)     Failure to warn.

### G Negligence and/or Negligence Per Se of Janie Sexton

Defendant, Janie Sexton, violated numerous state statutes designed to protect and safeguard the motoring public, including the Plaintiff, and Defendant Janie Sexton, is therefore liable for negligence and/or negligence *per se*. Such acts and/or omissions were a proximate cause of the damage in question.

### H. Damages.

Edwin M. Nnorom suffered severe, permanent and life altering injuries due to the negligence and gross negligence of Defendants, including, but not limited to, contusions to his neck, knee back, and shoulders. Plaintiff was heavily bruised and had trouble walking after the accident. Plaintiff walked with a noticeable limp.

There are certain elements of actual damages under Texas law which Plaintiff, Edwin M. Nnorom, is entitled to have a jury in this case consider separately in order to determine a sum of money for each element which will fairly and reasonably compensate him for his losses incurred and to be incurred in the future. These damages, both in the past and those which will be incurred in the future, include:

5

(a)    Physical pain and suffering;

(b)    Mental anguish;

(c)    Physical impairment;

(d)    Loss of Earning Capacity;

(e)    Physical Disfigurement;

(f)    Damage to Personal Property; and

(e)    Reasonable and necessary Medical Care.

## 2.    Edwin M. Nnorom

There are certain elements of actual damages under Texas law which Plaintiff, Edwin M. Nnorom, is entitled to have a jury in this case consider separately in order to determine a sum of money for each element which will fairly and reasonably compensate him for his losses incurred and to be incurred in the future.  These damages, both in the past and those which will be incurred in the future, include:

(a)    Physical pain and suffering;

(b)    Mental anguish;

(c)    Physical impairment; and

(d)    Reasonable and necessary Medical Care.

### I. Additional Aggravating, Reckless and/or Dangerous Conduct Representing Statutory Gross Negligence and Punitive Damages

Plaintiffs would further show that the negligent acts and/or omissions of the Defendants as set forth above constitute an entire want to care as to indicate that such acts and/or omissions were the result of conscious indifference to the rights, safety and welfare of others, including Plaintiff,

6

and thus amount to gross negligence as that term is defined by the laws of the State of Texas. As such, the jury should consider assessing punitive or exemplary damages.

The acts and/or omissions of the Defendants, when viewed objectively from their standpoint at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Further, the Defendants had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including the Plaintiff. Thus, the Defendants are liable for gross neglect and exemplary damages.

## J.  Demand for Jury

Plaintiff demands a jury trial and understand that the jury fee has already been paid.

## K.  Prayer

For these reasons, Plaintiff prays that upon final trial they have judgment for their actual damages; punitive damages; pre-judgment and post-judgment interest; costs of court; and for all other relief to which they may be entitled. Plaintiff also prays that an adequate training, monitoring, and auditing program for safety be implemented by Janie Sexton.

Respectfully submitted,
LAW OFFICES OF YANCY A. CARTER

/s/ Yancy A. Carter
Yancy A. Carter
Texas Bar No. 24117788
Post Box 691442
Houston, Texas 77269
504.319.3625
yancycarter@yahoo.com
ATTORNEY FOR PLAINTIFF

7